THE STATE *v.* JACK JOSEY.

In an indictment for crime, the defendant, *ordinarily*, is entitled to have the whole case left to the jury upon the evidence *on both sides*, and if, upon a consideration of *all* such evidence, every reasonable doubt be not removed, the jury should acquit.

*Therefore*, in a case of larceny, an instruction to the jury " that the burden of proof to show the guilt of the prisoner, is upon the State ; but that when the State has made out a *prima facie* case, and the prisoner attempts to set up an *alibi*, the burden of proof is shifted, and if the defence fail to establish the *alibi* to the satisfaction of the jury, they must find the prisoner guilty," is erroneous.

The rule is otherwise where the question is as to malice in cases of homicide ; and also, generally, where the defendant relies upon some distinct ground of defence not necessarily connected with the transaction on which the indictment is founded, *ex. gr.* insanity ; and it may be so as to matters of defence peculiarly within the knowledge of the defendant.

LARCENY, tried before *Watts, J.*, at Fall term 1869, of HALIFAX Court.

The defence was an *alibi,* sought to be set up through two witnesses.

His Honor instructed the jury that the burden of proof to show the guilt of the prisoner, was upon the State. But, when the State had made out a *prima facie* case, and the prisoner attempted to set up an *alibi,* the burden of proof was shifted, and if the defence failed to establish the *alibi* to the satisfaction of the jury, they must find the prisoner guilty.

Verdict, Guilty; Rule, &c; Judgment, and appeal.

*Walter Clark,* for the appellant.

In a criminal case, the establishment of a *prima facie* case only, does not take away the presumption of the defendant's innocence, or shift the burden of proof: *The Commonwealth* v. *Kimball,* 24 Pick. 366; *Ogletree* v. *The State,* 28 Ala. 693; *People* v. *Wingate,* 5 Cal. 127.

*Attorney-General, contra.*

Although in criminal cases the establishment of a *prima facie* case only, does not take away the presumption of innocence, or shift the burden of proof; yet upon principle, there is a peculiar effect to be attributed to an attempt to defend by showing an *alibi,* which warrants the ruling of the Court below.

SETTLE, J.  "His Honor charged the jury that the burden of proof to show the guilt of the prisoner was upon the State; but that when the State had made out a *prima facie* case, and the prisoner attempted to set up an *alibi,* the burden of proof was shifted, and that if the defence failed to establish the *alibi* to the satisfaction of the jury, they must find the prisoner guilty."

This is the entire charge, as contained in the record sent

to this Court. There is nothing by which the Court can see how a case of any sort was made out, and the charge is so worded as completely to break down the presumption of innocence which exists in every case, and shift the burden of proof to the defendant.

But taking it that a *prima facie* case had been established by some kind of evidence, direct or circumstantial, we are of the opinion that the law does not warrant the charge. The defendant was entitled to have the whole case left to the jury upon the evidence on both sides, and although he may have failed in fully satisfying the jury as to the truth of his defence, still any doubt that his evidence may have raised in their minds, might assist other circumstances in removing the *prima facie* case. Indeed a slight doubt raised by his evidence, may have been sufficient before the jury, aided by the legal presumption of innocence, to rebut the *prima facie* case ; for a jury is bound to acquit, unless from *all* the evidence every reasonable doubt is removed. What was the defendant required to do by this charge !—to establish as a fact, by evidence, to the satisfaction of the jury, that he was in another place at the time the offence was committed, and therefore not guilty.

Evidence that would raise a doubt, or even render it probable that he was not guilty, would not suffice, for he must prove it to the satisfaction of the jury. Had he shown that another person, with the inclination to steal, had also had the opportunity, he would not have met the requirements of the charge, for it would not prove that he was innocent, although the jury might think that it was highly probable that the other person had committed the offence.

Best, in his treatise on presumptions, 47 Law Lib. 160, in commenting on the rule that " the onus of proving every- thing essential to the establishment of the charge against the accused, lies on the prosecutor," says that " it is in general, sufficient to prove a *prima facie* case ;" but we are not to understand from this, that the making out of a *prima*

*facie* case necessarily or ordinarily changes the burden of proof. This is not like a charge of murder, in which, says Foster, " the fact of killing being first proved, all the circumstances of accident, necessity or infirmity are to be satisfactorily proved by the prisoner, unless they arise out of the evidence produced against him ; for the law presumeth the fact to have been founded in malice, until the contrary appeareth."

In cases where the defendant relies upon some distinct ground of defence not necessarily connected with the transaction on which the indictment is founded, such for instance, as insanity, the burden of proof as to the insanity, is shifted upon the defendant. And so it may be in cases where the defendant relies upon some fact peculiarly within his own knowledge ; but the general rule is otherwise.

" An unsuccessful attempt to establish an *alibi*," says Wills, Cir. Ev., 41 Law Lib. 51, " is always a circumstance of great weight against a prisoner, &c.," but this is stated as a fact which we all know to be true, and not as a rule of law to be charged by a Court. The party accused need not establish his innocence ; it is for the State to prove his guilt, before it is entitled to a verdict.

PER CURIAM.                              *Venire de novo.*