STATE v. MITCHELL BYERS.

*Judge's Charge—Alibi—Evidence.*

Where the judge charged that if the jury should find that defendant in alleging an *alibi* on the trial of an indictment was guilty of falsehood and misrepresentation as to his whereabouts, they might consider such falsehood as additional evidence of guilt ; *Held* to be error.

Remarks of DILLARD, J., as to the proper charge in cases where an *alibi* is relied on as a defence.

(*State* v. *Matthews*, 78 N. C., 523, cited and approved.)

STATE v. BYERS.

INDICTMENT for an Assault tried at Fall Term, 1878, of GUILFORD Superior Court, before *Kerr, J.*

In support of the charge alleged against the defendant, the prosecutrix testified among other things that upon one occasion she was forced to change the route she was going from one place to another by reason of the conduct of defendant, in that, he pursued her, made indecent propositions to her, and frightened her so greatly that she took refuge in a neighbor's house. The defendant set up an *alibi*, and his exception to the charge of the court which constitutes the basis of the decision here, is stated by Mr. Justice DILLARD in delivering the opinion. There was a verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the state.
*Messrs. Scott & Caldwell* and *Batchelor*, for defendant.

DILLARD, J. Upon the trial the defendant introduced a number of witnesses to prove an *alibi*, and in relation thereto His Honor charged the jury, " if in view of all the evidence in the cause they should believe and find that the defendant in alleging an *alibi*, was guilty of falsehood and misrepresentation as to his whereabouts, such falsehood might be considered by them as an additional evidence of guilt," and upon this direction of the judge, an assignment of error is made.

The judge undertook to instruct the jury as to the law pertaining to the defence of *alibi*, and he should have told them what facts constituted the defence in law, and then explained the law to them arising on any and every phase of the facts under the evidence adduced, as they might find them to be. This should have been done, not only as a guide to the jury but as just on the issue between the state and the defendant. *State* v. *Matthews*, 78 N. C., 523. For example, after explaining the facts necessary to make out the *alibi*, the jury should have

been directed if they found such necessary facts to exist, to acquit; and if the proof of such facts was not such as to satisfy them beyond a reasonable doubt of the *alibi*, then they needed to be and should have been instructed whether they could or could not consider the legal presumption of innocence, in aid; and how in that state of facts as a matter of law, the jury should be guided in making up their verdict.

His Honor in his instruction to the jury inadvertently omitted to submit the case to their consideration in view of these states of fact arising out of the evidence, but instead thereof, began *in medias res*, and directed them if they should find defendant guilty of falsehood in his allegation of an *alibi*, then they might consider such falsehood additional evidence of his guilt.

This omission of the judge left the jury uninformed as to the aspects of the case looking to an acquittal of the defendant on the ground of the defence of *alibi*, and thereby it was not to be expected that the jury could respond on the plea of not guilty with any intelligent view of the defendant's rights under the law, or of their duty as jurors. It would not be surprising if their verdict by reason of such omission on the part of the court should have been against the defendant, when otherwise it might have been in his favor.

Superadd to this omission of His Honor the only instruction he gave on the subject of the *alibi*, which was, that if the jury found defendant guilty of falsehood in his allegation of *alibi*, such falsehood might be considered as additional evidence of guilt, and it will appear how easily the defendant may have been prejudiced before the jury. His Honor, it is manifest, gave great prominence to the idea that the defence set up was founded in falsehood, from the fact of omitting all allusion to the law of *alibi*, otherwise. It was, therefore, most natural for the jury to understand His Honor as intimating an opinion against the

weight of the evidence offered to establish the *alibi.* We think the jury may have been thus misled.

In our opinion there was error entitling the defendant to a new trial, and therefore it is not necessary that we should consider and decide the other points discussed in this court.

There is error. Let this be certified that a new trial may be had in the court below.