## STATE v. L. S. ROCHELLE.

(Filed 1 November, 1911.)

1. **Intoxicating Liquors—Unlawful Sales—Revenue License—Defense—Evidence—Presumptions.**

    Upon a trial for the illegal sale of intoxicating liquors, it is not reversible error for the judge to exclude from the evidence a *subpœna duces tecum* issued to the collector of internal revenue for the purpose of showing that no license to sell had been issued to the defendant, as no presumption is raised on the question of an illegal sale because no U. S. license to sell has been issued him.

2. **Intoxicating Liquors—Unlawful Sales—Alibi—Evidence Scrutinized—Instructions.**

    In defense to an action for the illegal sale of intoxicating liquors, the defendant relying on an *alibi*, it was not error for the trial court to quote from a Supreme Court decision, that the defendant's evidence in such cases "should be closely scrutinized, because of its liability to abuse," when it appears that he carefully and properly explained how this evidence should be scrutinized and accepted by the jury, and that an *alibi*, if found by them, would be a complete defense.

APPEAL by defendant from *O. H. Allen, J.,* at July Special Term, 1911, of DURHAM.

*Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones for the State.*

*V. S. Bryant and B. S. Royster for the defendant.*

CLARK, C. J. The defendant was convicted of the illegal sale of intoxicating liquor. The first exception is because the court declined to allow him to put in evidence a subpœna *duces tecum* issued by the State for Wheeler Martin, Collector of Internal Revenue, to bring with him a list of all persons in said county who had obtained United States license to sell liquor. It is true that when a man takes out United States license to sell liquor, under our statute a presumption arises that he is engaged in that business. But the fact that he has no such license from the United States Government does not raise a presumption that the defendant is not engaged in the illegal sale of liquor. It may well be that the defendant did

156—41

not consider such license necessary for his purpose, or profitable or prudent. It costs money and makes evidence against him.

The only other exceptions requiring notice are exceptions 3 and 4 to the charge of the court, as follows:

Exception 3. "If the defendant attempts to prove an *alibi,* and fail in it, it becomes a circumstance for the jury to consider. They can regard it entirely as unproven, and they can also consider the failure to establish an *alibi,* if the jury find he has failed in doing so, and give it such force as the jury may deem proper."

Exception 4. "You should carefully consider the evidence offered to establish an *alibi,* because of its liability to abuse, as our Supreme Court says."

In *S. v. Jaynes,* 78 N. C., 504, *Bynum, J.,* said that evidence of an *alibi* "should be closely scrutinized because of its liability to abuse." His Honor, therefore, was, as he said, simply quoting from a decision of this Court. We do not understand him as intimating that failure to prove an *alibi* was any evidence of guilt. He simply said that evidence of that kind should be closely scrutinized. Indeed, his Honor in that connection himself fully explained the meaning of the word "scrutinize," as follows: "It simply means that you should cautiously examine the evidence of the character I have alluded to, the evidence of the detective, the evidence of the defendant, the evidence tending or intending to establish an *alibi.* By scrutinizing, I have already said, you should study it carefully and examine it and cautiously receive it. You should carefully examine and scrutinize the evidence of the detective, because of his bias, likely to exist by reason of his employment to find the evidence. You should carefully scrutinize the evidence of the defendant because of his interest. You should carefully scrutinize the evidence offered to establish an *alibi* because of its liability to abuse, as our Supreme Court says." Thus read in connection with the context, the expression of the careful and cautious judge who tried this case could not have been misunderstood by the jury, and was but a statement of the law as laid down by this Court.

His Honor further told the jury that if the defendant established an *alibi,* it is a complete defense; and as to the defendant's testimony, he told them that while the jury should scrutinize it and receive it cautiously, yet if after scrutinizing it they were satisfied of the truth of it, they should give it the same force and effect as that of any other witness.

No error.