### STATE v. HERMAN STEADMAN, MASS ATKINS AND STELL CALDWELL.

(Filed 13 May, 1931.)

**1. Criminal Law L e—Error, if any, in the admission of evidence in this case is held not to be prejudicial.**

> Where the identity of the defendant in a criminal action as the one who committed the offense is in question, and a witness has testified to the identity of the defendant to the best of his knowledge, and the State has introduced an affidavit of the witness positively identifying the defendant, and the judge instructs the jury not to regard the affidavit as substantive evidence, but merely corroborative evidence if they found that it was corroborative: *Held*, the admission of the affidavit in evidence, if error, was not prejudicial.

**2. Criminal Law I g—In this case held: exception was to failure to give subordinate elaboration in charge requiring request for instructions.**

> The failure of the trial court in his charge to the jury to define the term "satisfied beyond a reasonable doubt," and to charge as to the presumption of innocence will be considered as a failure to charge as to subordinate elaboration, and will not be held for reversible error, in the absence of a special request by the defendant.

APPEAL by Herman Steadman and Mass Atkins from *Harding, J.,* and a jury, at September Term, 1930, of POLK. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Thomas L. Johnson and Shipman & Arledge for defendants.*

CLARKSON, J. Frank Ballew, the prosecuting witness for the State, testified as to the robbery from his person and the identity of the appealing defendants. Oscar Pate also testified for the State as to the identity of Mass Atkins, whom he had known for three or four years, in the following language: "I took one of them to be Mass Atkins. . . . After I saw Mass Atkins and the other man in the woods, . . . the man I thought was Mass Atkins. . . . I can swear to the best of my knowledge it was him." Oscar Pate also testified to certain other facts relative to the identity of Mass Atkins, the car he was driving, something in his hand looked like a pistol, and another person with him, and described the appearance of the other person—this near the scene of the crime and shortly after the commission. The State then introduced an affidavit of Oscar Pate setting forth the above facts and a definite statement as to it being Mass Atkins. "I swear it was Mass Atkins." The defendants objected, the objection was overruled and defendants excepted and assigned error.

In regard to this definite statement, Oscar Pate testified: "That is the affidavit I signed, all but one statement. I mean there is a statement in there that I did not make. Mr. Leonard says that I swore positively that I saw Mass Atkins, and I told Mr. Leonard that it was Mass Atkins to the best of my knowledge."

The court: "This affidavit has been offered in evidence by the State. It is not admitted as any evidence at all of any fact that is in that affidavit, but only admitted for your consideration in corroboration of what the witness has already testified to, if it does so corroborate."

There were other facts in the affidavit that did corroborate Pate. The fact that on the trial he did not go as far as to the identity of Mass Atkins as in the affidavit and the court's instruction to the jury in regard to the affidavit, if error, we cannot hold as prejudicial. He reneged in regard to the positive statement in the affidavit, and his testimony on the trial was less damaging to Mass Atkins. Then again, he said that the positive statement was incorrect. All this was favorable to Mass Atkins. The facts here are different from *S. v. Melvin,* 194 N. C., 394. See *Clay v. Connor,* 198 N. C., 200.

The charge of the court below is not subject to criticism for that the court did not define "Satisfied beyond a reasonable doubt," and that the defendant is presumed to be innocent. No prayer for instruction was requested. *S. v. Boswell,* 194 N. C., 260. We can see no error in the charge of the court below in regard to the law applicable to good character, nor that applicable to an alibi. No prayer for instruction was requested as to the evidence in regard to defendant's character as in *S. v. Morse,* 171 N. C., 777. The court below fully set forth the facts and contentions in the charge as to the alibi set up by defendants. *S. v. Melton,* 187 N. C., 481.

In *Bank v. Rochamora,* 193 N. C., at p. 8, quoting numerous authorities, the law is thus stated: "Where the instruction is proper so far as it goes, a party desiring a more specific instruction must request it." This applies to subordinate elaboration, but not substantive, material and essential features of the charge. C. S., 564; *McCall v. Lumber Co.,* 196 N. C., at p. 602; *Moss v. Brown,* 199 N. C., at p. 192.

In the present case the matters complained of by defendants, except the alibi which was fully explained in the charge, were not substantive, material or essential features of the charge, but subordinate elaboration, and prayers for instruction should have been requested.

The question of the identity of defendants was one for the jury to decide; there was ample evidence on the record of an alibi, but this was not believed by the jury. In law we find

No error.