## STATE v. THURMAN LEE PITT

### (Filed 19 March, 1958)

**1. Intoxicating Liquor § 9b—**

Upon defendant's plea of not guilty to an indictment under G.S. 18-48, the State has the burden of proving beyond a reasonable doubt defendant's possession of alcoholic beverages upon which the Federal or State tax had not been paid, and that the beverages contained alcohol exceeding 14 per cent by volume.

**2. Intoxicating Liquor § 9d—**

Evidence that whisky belonging to defendant was found on defendant's premises, that the whisky was not ABC whisky, together with stipulations that the containers bore no stamps, is sufficient to be submitted to the jury in a prosecution under G.S. 18-48.

**3. Same—**

Testimony that the beverage found in defendant's possession was whisky is sufficient to show that the alcoholic content of the beverage was more than 14 per cent by volume.

**4. Criminal Law § 80—**

The fact that a witness testifying as to a competent admission of defendant identifies himself as a probation officer does not in itself render the testimony incompetent on the ground that the jury might infer from the position of the witness that defendant had been convicted of a criminal offense in some other case.

**5. Intoxicating Liquor § 9c—**

It is competent for a witness who has testified that he has had experience in examining whisky and that he could tell the difference between ABC whisky and whisky not sold in ABC stores, to testify that the whisky in question was not ABC whisky, the weight of the testimony being for the jury.

**6. Intoxicating Liquor § 9f—**

While the beverage must contain alcohol exceeding 14 per cent by volume in order to warrant conviction under G.S. 18-48, an instruction in one instance that the alcoholic content must be 14 per cent or more will not be held for prejudicial error when all the evidence is to the effect that the beverage contained more than 14 per cent of alcohol by volume, it being apparent that the instruction could have neither misled nor confused the jury.

**7. Same—**

The failure of the court to define the term "*prima facie* evidence" in charging upon the presumption arising when containers of alcoholic beverage do not bear the State or Federal stamps, *held* not prejudicial in the absence of request.

**8. Criminal Law § 107—**

The failure of the court to charge on a subordinate, as distinguished from a substantive, feature of the case will not be held for prejudicial

error in the absence of request for such instruction.

Johnson, J., dissents.

APPEAL by defendant from *Bundy, J.,* October, 1957 Term, EDGE-COMBE Superior Court.

This criminal prosecution originated before the recorder's court and upon arraignment the defendant demanded a jury trial. Where-upon the case was transferred to the Superior Court of Edgecombe County. In the superior court the grand jury returned the following bill of indictment:

"THE JURORS FOR THE STATE upon their oath present, That Thurman Lee Pitt, late of the County of Edgecombe, on the 31st day of August, in the year of our Lord one thousand nine hundred and fifty-seven, with force and arms, at and in the county aforesaid, unlawfully and willfully did have in his possession alcoholic beverages upon which the taxes imposed by the laws of the Congress of the United States and by the laws of the State of North Carolina had not been paid, against the form of the statute in such case made and provided and against the peace and dignity of the State. May, Solicitor."

The State called three witnesses. Two ABC officers testified they procured a search warrant for the defendant's premises, which consist-ed of a store on the ground floor and living quarters on the second floor. The officers saw the defendant pick up three bottles behind his building. Two pints of whisky were found at the place where the de-fendant had picked up the other bottles. In the living quarters of the building the officers found two one-half gallon fruit jars and one pint bottle of whisky concealed in a trap under a linoleum rug. An empty bottle and a funnel with the odor of whisky were also found in the living quarters. The officers testified the jars and the bottle containing the whisky had no stamps indicating the taxes had been paid. One of the witnesses, over objection, testified that he had been an ABC officer for more than 11 years and that he could identify ABC whisky; and that the whisky found in and about the defendant's premises was not ABC whisky.

Jimmy Miles, a witness for the State, over objection testified that he was a probation officer; that he had a conversation with the de-fendant about the whisky here involved and the defendant admitted it was his. The court denied the motion to strike and also denied the defendant's motion for a mistrial based on the probation officer's testi-mony. From a verdict of guilty and judgment thereon, the defendant appealed.

*George B. Patton, Attorney General, Claude L. Love, Assistant At-torney General, for the State.*

*Weeks & Muse, By: T. Chandler Muse, for defendant, appellant.*

HIGGINS, J.   For the benefit of law enforcement officers and the profession, the bill of indictment is set out in full because of the accuracy with which it charges an offense under G. S. 18-48. The plea of not guilty placed upon the State the burden of proving beyond a reasonable doubt all essential elements of the offense: (1) Possession; (2) the Federal or State tax had not been paid, G. S. 18-48; (3) alcoholic content exceeding 14 per cent by volume, G. S. 18-60. The defendant contends the State's evidence is insufflicent to prove any of these essentials and that a verdict of not guilty should have been directed.

1. The whisky was found concealed in a trap in the defendant's living quarters. He admitted to the officers and to the State's witness Miles that it belonged to him. Evidence of possession, therefore, was sufficient.

2. One of the officers testified he had been an ABC officer for more than 11 years, during which time he had had experience in examining whisky and that he could tell the difference in ABC whisky and whisky not sold in ABC stores. "I can smell of it and tell the difference. . . . It (the whisky introduced in evidence) is not ABC whisky." This evidence was competent. Its weight was for the jury. It is stipulated that the containers bore no stamps. This evidence was sufficient to go to the jury and to support the finding the taxes had not been paid.

3. The State offered evidence that the beverage found in the defendant's possession was whisky. It was introduced in evidence and inspected by the jury. For the reasons stated in the case of *State v. May,* decided today, this evidence is sufficient to show the alcoholic content was more than 14 per cent.

Over objection, the State's witness James E. Miles, testified: "I am a probation officer. . . . I have had occasion to talk with the defendant, on the 10th of this month. . . . He stated to me that a gallon and three pints of whisky was found at his house . . . and that it was his."

The defendant moved to strike this evidence and when the motion was denied, he moved for a mistrial and excepted to the court's refusal to grant the motion. The defendant insists the probation officer's testimony with respect to his conversation with the defendant was equivalent to telling the jury the defendant had been convicted of a criminal offense in some other case and was in fact equivalent to offering evidence of defendant's bad character. The answer is that the probation officer testified only that the defendant admitted his ownership of the whisky found in his house and introduced in evidence. The defendant had made the same admission to the officers and the admission was already in evidence without objection. The record does

not disclose the reason for the probation officer's conference with the defendant, and the evidence the witness was a probation officer served to identify him. His evidence related solely to the whisky involved in the case. That it conveyed to the jury any other meaning is entirely speculation.

The defendant assigns as error the admission of the officers' evidence that the whisky involved was "nontaxpaid"; that the testimony was the statement of a conclusion. At first the court sustained the defendant's objection and refused to admit such evidence, with the comment, "Better qualify him a little more." After the witness testified he knew the difference between whisky sold in ABC stores and whisky made illegally and not under government supervision, the officer was permitted to say, "It is not ABC whisky." See *State v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804.

The defendant assigns as error the charge of the court to the effect that the State must prove the alcoholic content of the beverage to be 14 per cent or more. However, the court had read G. S. 18-60 and stated the alcoholic content must be more than 14 per cent. The other statements in the charge to the effect that the alcoholic content must be 14 per cent or more could neither have confused nor misled the jury. There was no evidence that the alcoholic content was 14 per cent and no more. The court further charged: "The law says that a container which does not bear either a revenue stamp of the Federal Government or any of the Boards of the State of North Carolina shall constitute *prima facie* evidence that the taxes have not been paid." The court did not define the term, *"prima facie* evidence." Technically, the court should have done so. However, the oversight, in the absence of a request, is not deemed sufficient to constitute reversible error. Failure to charge on a subordinate - not a substantive - feature of a trial is not reversible error in the absence of request for such instruction. *State v. Stevens,* 244 N.C. 40, 92 S.E. 2d 409; *State v. Wallace,* 203 N.C. 284, 165 S.E. 716.

The defendant's attorneys have been diligent in their efforts to protect his rights. The record, however, fails to show error of substance.

No Error.

Johnson, J. dissents.