STATE OF NORTH CAROLINA v. JAMES THOMAS LEACH AND ARTHUR LEROY LEGETTE.

(Filed 16 December, 1964.)

**Criminal Law § 107—**

 Where defendant introduces evidence of an alibi, it is prejudicial error for the court to fail to charge the law applicable thereto.

SENTER v. CORE.

APPEAL by defendants from *Burgwyn, J.,* September 1964 Criminal Session of DURHAM.

Defendants were jointly charged in one bill of indictment with the crime of common-law robbery. The State's evidence tended to show that on the night of August 24, 1964, sometime before 10:50 p.m., on a dark street in Haiti in the City of Durham, the two defendants "jumped" the prosecuting witness, Clarence Spencer; that while defendant Leach held Spencer, defendant Legette took his pocketbook containing $20.00; and that both defendants then ran. Each defendant denied his guilt of the crime charged and offered evidence tending to show him, at the time of the alleged robbery, in the company of other persons at another place so far distant that he could not have been involved in it. The jury returned a verdict of guilty as charged. From a judgment of imprisonment in the State's prison each defendant appeals.

*Attorney General Bruton and Assistant Attorney General Richard T. Sanders for the State.*
*Rudolph L. Edwards for James Thomas Leach defendant..*
*Lina Lee S. Stout for Arthur Leroy Legette defendant.*

PER CURIAM. Although defendants' primary defense was an alibi, his Honor inadvertently failed to charge on this substantive feature of the case. Defendants are entitled to have had the court apply the law to their evidence with respect to alibi. Under the authority of *State v. Gammons,* 258 N.C. 522, 128 S.E. 2d 860, and *State v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175, defendants have the right to a new trial and it is so ordered.

New trial.