STATE OF NORTH CAROLINA v. ROBERT CLARENCE MALPASS.
AND
STATE OF NORTH CAROLINA v. WILLIAM FRANKLIN TYLER.

(Filed 23 March, 1966.)

**1. Criminal Law § 156—**

An assignment of error to the failure of the court to charge the jury more fully as to an aspect of the case, and to apply the law to the evidence adduced thereon, should set out defendant's contentions as to what the court should have charged.

**2. Criminal Law § 106—**

A charge on the defense of alibi that in order to sustain a conviction the State is required to prove beyond a reasonable doubt that defendant was present at the time and place the offense was committed and that defendant participated in its commission is sufficient.

MOORE, J., not sitting.

APPEAL by defendants from *Morris, J.,* August 1965 Criminal Session of NEW HANOVER.

Defendants were charged separately in two identical bills of indictment with the crime of common-law robbery, and the cases were consolidated for trial.

Evidence for the State tended to show: About 10:00 p.m. on Tuesday, May 18, 1965, David J. Nealy had prepared for bed at his home in Wilmington. He went into his living room to cut off the lights and saw the two defendants standing inside the front door. They felled him with blows about the head from a round object 8-10 inches long, and both "stomped" him as he lay on the floor. Defendants took his wristwatch from his arm, and his trousers containing his pocketbook with $52.00 in it, "went with them." As a result of this attack, Nealy was hospitalized until the following Sunday. Evidence for defendants tended to show that each was elsewhere from 8:00 p.m. until midnight on May 18, 1965. The jury

found both defendants guilty. From judgments imposing identical prison sentences, each appeals.

*Attorney General Bruton, Deputy Attorney General Lewis, and Charles M. Hensey, Staff Attorney for the State.*

*George Rountree, III, for Robert Clarence Malpass, defendant appellant.*

*A. A. Canoutas for William Franklin Tyler, defendant appellant.*

PER CURIAM. Defendants' only assignment of error is "that the Trial Court erred in failing to instruct the jury more fully as to the defendants' defense of alibi, and further, in failing to apply the law of alibi to the facts adduced in evidence of this case." This assignment of error fails to comply with the rules of this Court. "An assignment based on failure to charge should set out the defendant's contention as to what the court should have charged." *State v. Wilson,* 263 N.C. 533, 534, 139 S.E. 2d 736, 737. Notwithstanding, we have examined the charge in its entirety and find that the judge instructed the jury in accordance with the rule laid down in *State v. Spencer,* 256 N.C. 487, 489, 124 S.E. 2d 175, 177. An alibi is simply a defendant's plea or assertion that at the time the crime charged was perpetrated he was at another place and therefore could not have committed the crime. As the court fully explained to the jury, in order to convict either defendant of the robbery charged, the State was required to prove beyond a reasonable doubt that he was present at the time and place it occurred and that he participated in it. Such proof, of course, would demolish an alibi. The evidence in this case was simple; the issue, clear-cut. Did either one, or both, of the defendants perpetrate the crime, or was the robbery victim mistaken in his identification? The jury could not have been misled or confused by the charge.

No error.

MOORE, J., not sitting.