STATE OF NORTH CAROLINA v. ADNELL HUNT

No. 92

(Filed 12 July 1973)

**Criminal Law §§ 113, 119— evidence of alibi — specific request for instruction required**

Where defendant presented evidence that he was elsewhere at the time the crimes charged were committed and this evidence was reviewed fully by the court, but no specific instruction was given the jury as to the legal principles applicable in their consideration of this alibi evidence, defendant was entitled to such instruction notwithstanding his failure to request it; however, as of the date of this opinion, the trial court is not required to give an instruction as to the legal effect of alibi evidence unless defendant specifically requests such an instruction.

Justice HIGGINS dissenting.

APPEAL by defendant from *Exum, J.,* 27 November 1972 Regular Criminal Session, GUILFORD Superior Court, Greensboro Division.

In separate bills, defendant was indicted (1) for the rape of Linda Pendergrass on 5 August 1972, and (2) for first de-

gree burglary involving breaking and entering the occupied dwelling house of Linda Pendergrass in the nighttime with intent to rape her.

Evidence was offered by the State and by defendant.

In each case, the jury returned a verdict of guilty as charged in the bill of indictment and a sentence of life imprisonment was pronounced, the two life sentences to run concurrently. Defendant excepted and appealed.

*Attorney General Robert Morgan and Associate Attorney E. Thomas Maddox, Jr., for the State.*

*Public Defender Wallace C. Harrelson for defendant appellant.*

BOBBITT, Chief Justice.

The evidence offered by the State was sufficient to require submission to the jury in each of the two cases and to support the verdicts.

The evidence offered by defendant included his own testimony and testimony of other witnesses tending to show he was elsewhere when, according to the State's evidence, the crimes charged in the indictments were committed. Although this evidence was reviewed fully by the court, no specific instruction was given the jury as to the legal principles applicable in their consideration of this alibi evidence. Defendant contends he was entitled to such instruction notwithstanding his failure to request it. Authoritative decisions of this Court support defendant's position. *State v. Vance,* 277 N.C. 345, 347-48, 177 S.E. 2d 389, 390-91 (1970) ; *State v. Leach,* 263 N.C. 242, 139 S.E. 2d 257 (1964) ; *State v. Gammons,* 258 N.C. 522, 524, 128 S.E. 2d 860, 862 (1963) ; *State v. Spencer,* 256 N.C. 487, 488-89, 124 S.E. 2d 175, 176-77 (1962) ; *State v. Melton,* 187 N.C. 481, 122 S.E. 17 (1924). On account of the court's failure to so charge, defendant must be and is awarded a new trial.

Although we recognize defendant's right to rely upon the cited authoritative decisions, we have reached the conclusion that reason and authority support a different rule, namely, that the court *is not required* to give such an instruction unless it is requested by the defendant. Hence, the cited decisions, in respect of the rule stated above, are overruled. The rule stated

herein will be applicable in trials commenced after the filing of this opinion, including the retrial of the present case.

An alibi is simply a defendant's plea or assertion that at the time the crime charged was perpetrated he was at another place and therefore could not have committed the crime. *State v. Malpass,* 266 N.C. 753, 147 S.E. 2d 180 (1966); *State v. Green,* 268 N.C. 690, 151 S.E. 2d 606 (1966). *Hereafter,* when a defendant offers evidence of alibi, he is entitled, *upon request,* to a charge substantially as follows: "An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an acquittal." *State v. Minton,* 234 N.C. 716, 726-27, 68 S.E. 2d 844, 851 (1952); *State v. Spencer, supra,* at 489, 124 S.E. 2d at 177. When an instruction as to the legal effect of alibi evidence is given, whether by the court of its own motion or in response to request, such statement must be correct. The decision herein does not call for further discussion of the content of such an instruction.

In cases involving alibi instructions prior to *Melton,* the question presented was whether the instructions as to alibi actually given by the court were correct or erroneous. *State v. Josey,* 64 N.C. 56 (1870); *State v. Jaynes,* 78 N.C. 504 (1878); *State v. Byers,* 80 N.C. 426 (1879); *State v. Reitz,* 83 N.C. 634 (1880); *State v. Starnes,* 94 N.C. 973 (1886); *State v. Freeman,* 100 N.C. 429, 5 S.E. 921 (1888); *State v. Rochelle,* 156 N.C. 641, 72 S.E. 481 (1911); *State v. Bryant,* 178 N.C. 702, 100 S.E. 430 (1919).

A discussion of *Melton* and decisions based thereon seems appropriate.

In *Melton,* two questions were considered. The Court (one Justice dissenting) overruled the defendant's primary contention, namely, that the State's evidence was insufficient to withstand the defendant's motion for judgment as in case of nonsuit. However, all members of the Court agreed that a new trial should be awarded on account of the court's failure to instruct the jury as to the legal principles applicable to alibi evidence.

The opinion stated that when a judge, in compliance with the mandate of the statute now codified as G.S. 1-180, instructs the jury upon the essential features of a case he is not required to give additional instructions upon its subordinate features or to explain more fully a particular phase of the evidence unless there be a prayer for such instruction. However, the Court concluded that "[t]he defendant's evidence of an alibi was substantive . . . and without tendering a special prayer he was entitled to an instruction as to the legal effect of his evidence if it should be accepted by the jury." No authority was cited. Nor did the Court set forth the reasoning upon which it reached the stated conclusion.

The record in *Melton* discloses that the trial judge in reviewing the evidence and in stating the contentions failed completely to make *any reference* to the explicit alibi evidence the defendant had offered.

*Melton* was cited in *State v. Steadman,* 200 N.C. 768, 769, 158 S.E. 478, 479 (1931) ; *State v. Casey,* 201 N.C. 185, 209, 159 S.E. 337, 350 (1931) ; and *State v. Sheffield,* 206 N.C. 374, 386, 174 S.E. 105, 111 (1934).

The record in *Steadman* shows that the defendant assigned as error the court's failure "to define and explain the law arising on the evidence relating to the alibi set up by the defendants in the case. . . ." This assignment was disposed of as follows: "The court below fully set forth the facts and contentions in the charge as to the alibi set up by defendants. *S. v. Melton,* 187 N.C. 481." *State v. Steadman, supra,* at 769, 158 S.E. at 479. The court had reviewed the defendant's alibi evidence and had set forth his contentions thereon. The Attorney General's brief stated: "This distinguishes the instant case from *State v. Melton,* 187 N.C. 481,—where the court below did not call the attention of the jury, in any manner, to the evidence of an alibi." Although no instruction had been given the jury as to the legal principles applicable to alibi evidence, the Court found "No Error."

In *Casey* as in *Steadman,* the trial judge reviewed the alibi evidence and stated the defendant's contentions with reference thereto. However, no instruction was given the jury as to the legal principles applicable to alibi evidence. The Court found "No Error" in a trial in which a sentence of death was pronounced.

In *Sheffield*, the question related to the accuracy of the instruction actually given by the court with reference to the law of alibi. The instruction was upheld on the authority of *State v. Jaynes, supra,* and *State v. Bryant, supra.* Although the assignment of error in *Sheffield* relates to the asserted inaccuracy of the alibi instruction, we note that the opinion contains the following: "A defendant is entitled to instruction on alibi without special prayer. *S. v. Melton,* 187 N.C. 481; C.S., 564; *S. v. Steadman,* 200 N.C. 768 (769)."

In *State v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921 (1949), a new trial was awarded because of the failure of the trial judge to comply with the requirements of G.S. 1-180. No assignment of error related specifically to the court's failure to instruct the jury with reference to the law of alibi. However, near the end of the opinion, we find the following: "Evidence of an alibi is substantive and the defendant was entitled to an instruction as to the legal effect of his evidence of alibi, if believed and accepted by the jury. *S. v. Melton,* 187 N.C. 481, 122 S.E. 17." *Id.* at 247, 52 S.E. 2d at 924.

In *Spencer*, the trial judge recapitulated all of defendants' alibi evidence and gave the defendants' contentions thereon. In this respect, the factual situation was analogous to the factual situations in *Steadman* and *Casey* rather than that considered in *Melton*. On authority of *Melton,* this Court awarded a new trial because "the trial court did not instruct the jury as to the legal effect of their evidence as to an alibi," even though there had been no request for such an instruction. 256 N.C. at 488-89, 124 S.E. 2d at 176. (Note: Two Justices dissented and one did not participate.)

*Gammons, Leach* and *Vance* are based directly on *Spencer* and indirectly on *Melton*.

It is first noted that the rule announced in *Melton* and applied in *Spencer* and subsequent decisions is contrary to the great weight of authority.

The annotation, "Duty of Court to Instruct on the Subject of Alibi," 118 A.L.R. 1303 (1939), contains this statement: "It is the rule in most jurisdictions that, in the absence of a requested instruction, there is no duty upon the trial court to instruct specifically upon the subject of alibi; and while it appears that some cases are irreconcilable with this rule, those cases which require specific alibi instructions, even in the

absence of a request therefor, for the most part involve special circumstances. See II. b, infra." *Id.* at 1304. This statement is fully supported by decisions there cited and by supplemental decisions. We note that *Melton* was cited in "II. b" as based on a North Carolina statute which required that the trial judge state in a plain and correct manner the evidence given in the case and declare the law arising thereon. As noted above, the instructions of the trial judge in *Melton* contained no reference to the explicit alibi evidence the defendant had offered or to defendant's contentions thereon.

The weight of authority supports the following statement: "In the absence of a requested instruction, there is no duty upon the trial court to instruct specifically upon the subject of alibi. Conversely, when there has been sufficient evidence in the case to raise an issue as to alibi and the defendant has specifically requested the trial court to charge the jury in accordance with proper instructions submitted by him on this subject, it has been held to be the duty of the court so to instruct, and the failure, or refusal, to instruct as to alibi under such circumstances has generally been held to constitute prejudicial and reversible error." 5 R. Anderson, Wharton's Criminal Law and Procedure § 2098, p. 267 (1957). *Accord,* 53 Am. Jur., Trial § 652, pp. 502-503 (1945); 23A C.J.S., Criminal Law § 1325 (4), pp. 839-40 (1961).

Rule 30 of the Federal Rules of Criminal Procedure, entitled "Instructions," contains this provision: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." 383 U.S. at 1107.

Prior to the adoption of the Federal Rules of Criminal Procedure, the Supreme Court of the United States had held in *Goldsby v. U. S.,* 160 U.S. 70, 40 L.Ed. 343, 16 S.Ct. 216 (1895), that if a defendant "wished specific charges as to the weight in law to be attached to testimony introduced to establish an alibi," he must make a request therefor. This rule has been followed consistently in the Federal courts. *See Lewis v. U. S.,* 373 F. 2d 576, 579 (9th Cir. 1967), and cases cited.

The stated premise upon which *Melton* was based is that an instruction with reference to the legal effect of defendant's alibi evidence was a substantive and essential feature of the

case as distinguished from a subordinate feature thereof. Further consideration leads to the conclusion that this premise is unsound.

G.S. 1-180 requires the trial judge in a criminal action to instruct the jury as to "every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instructions to that effect." *State v. Merrick,* 171 N.C. 788, 795, 88 S.E. 501, 505 (1916); *State v. Ardrey,* 232 N.C. 721, 723, 62 S.E. 2d 53, 55 (1950). "Failure to charge on a subordinate—not a substantive—feature of a trial is not reversible error in the absence of request for such instruction." *State v. Pitt,* 248 N.C. 57, 60, 102 S.E. 2d 410, 412 (1958).

"Where the charge fully instructs the jury on all substantive features of the case, defines and applies the law thereto, and states the contention of the parties, it complies with G.S. 1-180, and a party desiring further elaboration on a particular point, or of his contentions, or a charge on a subordinate feature of the case, must aptly tender request for special instruction." 3 Strong, N. C. Index, Criminal Law § 113, pp. 12-13 (1967); *State v. Guffey,* 265 N.C. 331, 332, 144 S.E. 2d 14, 16 (1965).

On the ground that they were *subordinate* and not substantive features of the case, we have held that, *in the absence of a special request,* the trial judge *is not required* to instruct the jury as to these matters: (1) That the jury should scrutinize the testimony of an accomplice, *State v. Brinson,* 277 N.C. 286, 296-97, 177 S.E. 2d 398, 405 (1970); (2) that the defendant's failure to testify in his own behalf raises no presumption against him and should not be considered to his prejudice, *State v. Jordan,* 216 N.C. 356, 364-66, 5 S.E. 2d 156, 160-61 (1939); (3) as to the law applicable in the consideration of evidence tending to show that defendant was a person of good character, *State v. Sims,* 213 N.C. 590, 593-94, 197 S.E. 176, 178-79 (1938); (4) that testimony of a dying declaration should be received with caution, *State v. Winecoff,* 280 N.C. 420, 422-23, 186 S.E. 2d 6, 7-8 (1972); (5) that evidence of unrelated prior criminal offenses is not competent as substantive evidence but only for consideration as bearing upon defendant's credibility as a witness, *State v. Goodson,* 273 N.C. 128, 129, 159 S.E. 2d 310, 311-12 (1968); and (6) that the interest of a State's witness should be considered in passing upon the credibility of his testimony, *State v. Vance, supra,* at 346-47, 177 S.E. 2d at 390.

State v. Hunt

These instances suffice to show that instructions as to the significance of evidence which do not relate to the elements of the crime itself or defendant's criminal responsibility therefor have been considered subordinate features of the case.

The burden of proof is upon the State to satisfy the jury from the evidence beyond a reasonale doubt that the crime for which the defendant is indicted was committed and that it was committed by the defendant. Obviously, in respect of a crime requiring *personal presence* at the scene of its commission, evidence tending to show that defendant was elsewhere when, according to the State's evidence, the alleged crime occurred, is in direct conflict with the State's evidence that defendant was present when the crime was committed.

It is inexact to refer to alibi as a special defense. It has nothing to do with the elements of or criminal responsibility for the crime for which the defendant is indicted. It is simply evidence contradictory of the State's evidence that defendant committed the alleged crime. Alibi is not of the nature of a defense of confession and avoidance such as excusable or justifiable homicide, self-defense, entrapment and insanity. "If there is evidence adduced in a given case that the defendant was at another place or at a place so removed that he could not have been present to commit the crime, and if presence is necessary for conviction, then that evidence, if it raised a reasonable doubt to be considered and acted upon by men of common sense and good judgment, would result in an acquittal under the reasonable doubt instruction." *State v. Hess,* 9 Ariz. App. 29, 33, 449 P. 2d 46, 50 (1969).

Notwithstanding the court's instruction that the burden of proof is on the State to satisfy the jury from the evidence beyond a reasonable doubt that the defendant was present and that he committed the crime, if a particular defendant is apprehensive that the jury will be misled unless the court gives an instruction substantially like that approved in *Minton* and *Spencer* he will be entitled to such instruction *upon special request therefor.* Under this rule, defendant and his counsel may determine for themselves whether they would like for the court to give such an instruction. Under certain circumstances, it may be that the giving of such an instruction will so concentrate attention upon the subject of alibi as to divert attention from unrelated weaknesses in the State's case. As noted by Chief Justice Weintraub in *State v. Garvin,* 44 N.J. 268, 273, 208

A. 2d 402, 404 (1965) : "Indeed the very discussion of alibi as something apart from a direct denial of the truth of the State's case tends to obscure its role and to suggest a defendant has some special responsibility with respect to it."

The opinion of Chief Justice Weintraub further states: "There is no need to speak of alibi in such separate terms, and indeed to do so will more likely obscure the case than clarify it. The important thing is to make it plain to jurors that to convict they must be satisfied upon a consideration of all of the evidence that guilt has been established beyond a reasonable doubt. If a defendant's factual claim is laid beside the State's and the jury understands that a reasonable doubt may arise out of the defense testimony as well as the State's, the jury has the issue in plain, unconfusing terms. If events at the trial should be thought to suggest to the jury that the defendant has the burden of proving he could not physically have committed the crime, then of course the trial court should dissipate that danger by telling the jury that the defendant does not have the burden of proving where he was at the critical time and that evidence offered on that score is to be considered with all the proof in deciding whether there is a reasonable doubt as to guilt." *Id.* at 274, 208 A. 2d at 405.

The overruling of *Melton* and *Spencer* and decisions based thereon does not require discussion of the doctrine of prospective operation of overruling decisions in the context of factual situations different from that here considered. For such full discussion, see *State v. Lewis,* 274 N.C. 438, 446-451, 164 S.E. 2d 177, 182-86 (1968). *See also Rabon v. Hospital,* 269 N.C. 1, 20-21, 152 S.E. 2d 485, 498-99 (1967).

The present defendant sought and is awarded a new trial because of the court's failure, without request, to give an instruction as to the legal effect of alibi evidence. Although entitled thereto without request under our prior decisions, it seems improbable that the court's failure to give such instruction affected the verdicts of the jury. This overruling decision does not deprive this defendant or any other defendant of any substantive right. As in *Griffin v. California,* 380 U.S. 609, 14 L.Ed. 2d 106, 85 S.Ct. 1229 (1965), and in *Howell v. Ohio,* 381 U.S. 275, 14 L.Ed. 2d 430, 85 S.Ct. 1457 (1965) [for subsequent decision, see *State v. Howell,* 4 Ohio St. 2d 11, 211 N.E. 2d 56 (1965)], the present overruling decision relates to *an incident* which occurred *during* the trial. Neither the prosecution nor

defense will be prejudiced on account thereof upon retrial. In the retrial of the present case and in the trial of other cases subsequent to the filing of this decision, the court *is required* to give an approved instruction as to the legal effect of such alibi evidence upon the defendant's special request that such instruction be given.

It seems appropriate that notice of this decision be communicated as quickly as possible to all trial judges, solicitors and defense attorneys.

For the reasons stated, in each case defendant is awarded a new trial.

New trial.

Justice HIGGINS dissenting.

In my opinion, prejudicial error is not disclosed by the record in this case. The court now overrules former decisions that the court must charge the jury as to "the legal principles applicable in their consideration of alibi evidence, whether requested or not."

According to sound principles of criminal practice, upon arraignment a defendant may plead "Not Guilty," "Guilty," or "Nolo Contendere" or he may "Stand mute." In the latter event the trial judge must enter a plea of "Not Guilty." There is no such plea as "Alibi."

Following a plea of Not Guilty, a defendant is entitled to challenge the sufficiency of the State's evidence. He may introduce evidence of his innocence, and as part of that evidence he may offer evidence that he not only did not commit the offense charged, but that he could not have committed it because at the time of its commission he was elsewhere.

In reviewing the defendant's evidence, the court must charge the jury to take into account all the defendant's evidence including the evidence that he was not at the scene of the crime, but was elsewhere at the time of its commission. Mention of the word "Alibi" is not required. The word means elsewhere. It has no "sacramental" meaning. When the court correctly charges the jury with respect to a defendant's evidence that he was elsewhere at the time the offense was

committed, as Judge Exum did in this case, the court gives the defendant full benefit of the evidence that he was elsewhere.

The view now expressed by the court conforms to the view held by Justice Rodman and myself when we dissented in *State v. Spencer*, 256 N.C. 487. The decision in that case and in other cases like it, were in my opinion, erroneous as the court now holds. The present defendant obtained no vested rights in this erroneous decision. I vote no error in this case.