STATE OF NORTH CAROLINA v. JESSIE DANIEL SMITH

No. 7314SC547

(Filed 10 October 1973)

**Criminal Law §§ 113, 119— evidence of alibi — specific instruction required**

Though the court in its charge to the jury called attention to defendant's evidence that he was engaged in the duties of his employment on the date the State's witness testified the offense was committed, the court failed to instruct the jury as to the legal principles applicable in their consideration of the alibi evidence, and defendant was entitled to such an instruction notwithstanding his failure to request it.

APPEAL by defendant from *Webb, Judge,* 5 March 1973 Session of Superior Court held in DURHAM County.

Defendant was indicted for the felonious distribution of heroin. He pled not guilty. The State introduced evidence that at 1:15 p.m. on 11 April 1972 defendant sold and delivered four tinfoil packets containing heroin to an undercover agent, who at the time was seated in his parked car on North Hyde Park about 15 feet from Elmo Street in Durham, N. C. Defendant denied he had ever sold any heroin or had seen the undercover agent at any time in April. He testified that on 11 April 1972 he was at his job as a truck driver for Boyce Supply Company, that on that day he drove a truck to make deliveries to Chapel Hill and to a street near Hope Valley at a point on the other side of town from North Hyde Park and Elmo Streets, and that during such time as he was not driving he was at the yard of his employer. The jury found defendant guilty of felonious distribution of heroin. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General Howard A. Kramer for the State.*

*Paul, Keenan & Rowan by James V. Rowan for defendant appellant.*

PARKER, Judge.

The trial judge in charging the jury correctly called attention to the defendant's evidence that on the date the State's witness testified the offense was committed, the defendant had been engaged in the duties of his employment at places some distance away from the place where the State's evidence indi-

cated the unlawful sale of heroin had been made. However, no specific instruction was given the jury as to the legal principles applicable in their consideration of this alibi evidence. Since defendant's trial commenced prior to the date of filing the opinion in *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513, he was entitled to such instruction notwithstanding his failure to request it. On account of the court's failure to so charge, defendant is awarded a

New trial.

Judges CAMPBELL and VAUGHN concur.