STATE OF NORTH CAROLINA v. JOHNNY RAY LUSTER

No. 7421SC117

(Filed 6 February 1974)

**Criminal Law § 113— alibi instruction proper**

Trial court's instruction on alibi which placed no burden of proof on defendant to prove an alibi but did require the State to satisfy the jury beyond a reasonable doubt that defendant was present and participated in the crime was proper.

APPEAL by defendant from *McConnell, Judge,* 20 August 1973 Session of Superior Court held in FORSYTH County.

Defendant was charged in a bill of indictment, proper in form, with distributing marijuana to Robert Edwards on 5 April 1973 at 800 Lockland Avenue, Winston-Salem. He was tried before a jury upon a plea of not guilty.

The State's evidence tended to show that the principal of Dalton Junior High School saw Robert Edwards, a student, passing an object, later determined to be a marijuana cigarette, to another student. Edwards testified that he had purchased the cigarette from defendant while visiting him at his home on the afternoon of 5 April 1973.

Defendant denied the sale of the marijuana and presented evidence tending to show that he was away from home at the time of the alleged sale seeking employment.

The jury returned a verdict of guilty. From sentence imposed by the court, defendant appealed.

*Attorney General Morgan, by Associate Attorney John R. Morgan, for the State.*

*B. R. Browder for defendant appellant.*

BALEY, Judge.

Defendant contends that the trial court erred in its charge to the jury on the issue of alibi. This contention is without merit.

In *State v. Hunt,* 283 N.C. 617, 619, 197 S.E. 2d 513, 515, the North Carolina Supreme Court approved the following charge on alibi:

> "An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an aquittal."

The charge approved in the *Hunt* case and the one given by Judge McConnell differ in their wording, but in substance they are identical. No burden of proof was placed on the defend-

ant to prove an alibi, but the State was required to satisfy the jury beyond a reasonable doubt that defendant was present and participated in the crime. In part the court stated:

> "Therefore, as to the alibi, I charge you that, if upon considering all the evidence, including the evidence about the alibi, you have a reasonable doubt as to the defendant's presence or participation in the crime, you would have a reasonable doubt and would find him not guilty."

There was no error in the charge, and it is approved.

Upon conflicting evidence the jury accepted the State's version of the facts. Defendant has received a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and HEDRICK concur.