State v. Carter

---

═══════════════

STATE OF NORTH CAROLINA v. WILLIE CARTER

No. 7426SC807

(Filed 18 December 1974)

1. Criminal Law § 111— unanimity of jury — instruction proper
   Trial court's instruction that all twelve jurors must agree before there could be a verdict and that " . . . [w]hen all twelve are in agreement as to what your verdict is, you will indicate it by knocking on the door . . . , " could not have been interpreted by the jury to mean that there could be no disagreement.

2. Criminal Law § 113— alibi instruction — specific request required
   Defendant was not entitled to an alibi instruction where he failed to make a specific request therefor.

APPEAL by defendant from *Falls, Judge,* 27 May 1974 Session of Superior Court held in MECKLENBURG County. Argued before the Court of Appeals 14 November 1974.

Defendant was indicted for first degree murder, but at trial the State announced that it would proceed on the charge of second degree murder. Defendant entered a plea of not guilty, and a verdict of guilty of second degree murder was returned.

The State's evidence consisted of short statements by nine witnesses, none of whom was an eyewitness to the shooting. Ernestine Alexander testified that she, defendant, and others were at the home of Mary Belk Johnson, the deceased, on 28 May 1973. Defendant and deceased went into one of the bedrooms. She stated:

"[A]fter they went in to (sic) the bedroom we heard shots and we thought the shots had come from outside and later on Mr. Carter came in the kitchen and told us that Mrs. Johnson was in the bedroom asleep and not to wake her."

Defendant got a beer and some bologna and went back into the bedroom. After ten minutes defendant left the bedroom, leaving

State v. Carter

the door partially open, and walked out the front door. Mrs. Alexander stated that she looked in the bedroom and saw deceased lying in an awkward position on the bed. On cross-examination Mrs. Alexander admitted that she had consumed alcoholic beverages that night. She also stated that defendant, when he came into the kitchen, was not excited but "just acted like he always did." Two other witnesses substantiated Mrs. Alexander's testimony.

Harold Pharr, Jr., a thirteen year old boy, testified that on 28 May 1973 he saw defendant remove a pistol from his pocket and empty shell casings into a garbage can behind his (Pharr's) house.

The two policemen who were called to the scene of the crime stated that they could find neither evidence of a struggle nor bullet holes in the bedroom.

Dr. Hobart Woods, Mecklenburg County Medical Examiner, performed an autopsy on deceased on 29 May 1973. Dr. Woods stated that he found five gunshot wounds on the deceased's body. Powder burns found on the body indicated that the shots were fired at close range. One of the shots passed through the heart and was fatal.

Bob Sloan, Firearms Examiner for the Charlotte Police Department, testified that the slugs recovered from the body could not be positively identified as having come from the shell casings recovered from the garbage can.

The defendant testified that he and deceased were partners in the operation of a liquor house. On the night of 28 May 1973 he and deceased were discussing plans for selling beer and wine. Defendant stated that he and deceased went into the bedroom and talked for a while. Defendant testified that he went to the kitchen, got a beer and a bologna sandwich, and walked out the front door. Defendant denied seeing Harold Pharr, Jr., that night.

From a verdict of guilty and a sentence of eighteen to twenty years imposed thereon, defendant appeals, setting forth sixteen assignments of error.

*Attorney General Carson, by Associate Attorney Raney, for the State.*

*Hamel, Cannon & Hamel, by William F. Hamel, for the defendant-appellant.*

BROCK, Chief Judge.

[1] In his thirteenth assignment of error, defendant contends that the trial judge erred when he charged the jury:

"Your verdict must be unanimous. All twelve must agree before it is a jury verdict.

". . . When all twelve are in agreement as to what your verdict is, you will indicate it by knocking on the door. . . ."

Defendant argues that this portion of the charge "left no room open for the jury to disagree."

We believe that the jury could not have interpreted that portion of the charge to mean that there could be no disagreement. The State argues that knowledge of disagreement among jurors is so pervasive in our society that no juror could misunderstand such statements. We agree. This assignment of error is overruled.

[2] In his fourteenth assignment of error, defendant asserts that the trial court erred when it failed to give defendant an alibi instruction notwithstanding his failure to request it. The evidence offered by defendant tended to show that he was elsewhere when Mrs. Johnson was slain. Although this evidence was reviewed fully by the court, no specific instruction was given the jury as to the specific principles applicable to the defense of alibi.

It was formerly the rule in North Carolina that failure to give an alibi instruction was prejudicial error, even if defendant had not specifically requested the instruction. *State v. Vance,* 277 N.C. 345, 177 S.E. 2d 389; *State v. Leach,* 263 N.C. 242, 139 S.E. 2d 257; *State v. Gammons,* 258 N.C. 522, 128 S.E. 2d 860; *State v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175; *State v. Melton,* 187 N.C. 481, 122 S.E. 17. However, in *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513, the Supreme Court overruled those decisions in respect of that rule and "reached the conclusion that reason and authority support a different rule, namely, that the court *is not required* to give such an instruction unless it is requested by the defendant." 283 N.C. at 618.

Because defendant made no request for an alibi instruction, he may not now complain. This assignment of error is overruled.

We have carefully reviewed defendant's remaining fourteen assignments of error and find them to be without merit.

It is our opinion that defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and HEDRICK concur.