STATE OF NORTH CAROLINA v. STEPHEN BERNARD PHARR

No. 7619SC777

(Filed 6 April 1977)

Criminal Law § 119— alibi instruction — insufficient request

> Defense counsel's oral request for an instruction on alibi which was made at the end of the trial court's charge was not sufficient to require the court to give the instruction in that it failed to comply with the applicable statute, G.S. 1-181.

APPEAL by defendant from *Barbee, Judge*. Judgment entered 29 April 1976 in Superior Court, ROWAN County. Heard in the Court of Appeals 8 March 1977.

Upon a plea of not guilty, defendant was tried on a charge of second-degree rape. The State's evidence tended to show:

During the early morning hours of 7 March 1976, the victim, Doris Ann Johnson, went to the Club Disco in Statesville. She left the club around 2:30 or 3:00 a.m. and began walking home. An acquaintance, Junior Davidson, came by in his car, asked her if she wanted a ride home and she accepted his invitation. Instead of going to her home they rode around for several hours and ended up in Rowan County. While there Davidson refused to take her home so she left his car and began walking. She stopped at the home of Jan Parker, called her brother over the telephone but he refused to come and get her. She then continued walking towards Statesville and, at about 7:00 a.m., the defendant and another man, later identified as James Avery, drove up in a yellow Volkswagen. They forced her into the car and drove onto a dirt road where they held her on the ground and raped her.

Defendant's evidence tended to show: He and James Avery reside in Cleveland, N. C. On the night of March 6 and early

morning of March 7, they were at a party in Salisbury. They left about 2:00 a.m. and went to a club in Statesville. After leaving the club, they went to the Waffle House, visited a friend of defendant and returned home around 7:15 or 7:30 a.m. Defendant immediately went to bed and slept until 1:00 p.m. that day.

The jury found defendant guilty of second-degree rape and from judgment imposing a prison sentence of 20 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Burke, Donaldson & Holshouser, by Arthur J. Donaldson, for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error is that the trial court erred in failing to give the jury instructions on alibi. The assignment is without merit.

"An alibi is simply a defendant's plea or assertion that at the time the crime charged was perpetrated he was at another place and therefore could not have committed the crime." *State v. Hunt,* 283 N.C. 617, 619, 197 S.E. 2d 513, 515 (1973). In *Hunt,* the Supreme Court held that the trial judge is required to give instructions as to the legal effect of alibi evidence *only* upon the defendant's special request that such instructions be given.

G.S. 1-181 provides that requests for special instructions to the jury must be in writing, entitled in the cause, and signed by the counsel submitting them. It also provides: "Such requests for special instructions must be submitted to the trial judge before the judge's charge to the jury is begun. However, the judge may, in his discretion, consider such requests regardless of the time they are made."

The record discloses that defense counsel, at the end of the trial court's charge, orally requested that the court instruct the jury with respect to alibi. The request was not sufficient to require the court to give the instruction in that it failed to comply with the applicable statute, G.S. 1-181. To grant the request was

discretionary with the trial judge and we perceive no abuse of discretion.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.