STATE OF NORTH CAROLINA )
)   ORDER FOR NEW TRIAL UPON
v. )   REMAND FROM THE SUPREME
)   COURT OF THE UNITED STATES
KELLY DEAN SPARKS )

No. 90

HAVING reconsidered this case on remand from the Supreme Court of the United States in the light of *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508 (1975), and *Hankerson v. North Carolina*, --- U.S. ---, 53 L.Ed. 2d 306 (1977), the defendant having properly raised on appeal to this Court the question of the constitutionality of the trial judge's instructions placing the burden on the defendant to show that the killing was done in the heat of a sudden passion and that it was done in self-defense, *see State v. Sparks*, 285 N.C. 631 (1974), and being of the opinion that in light of *Mullaney* and *Hankerson*, these assignments of error should have been sustained and defendant awarded a new trial, now, therefore, it is

ORDERED by the Court in Conference that defendant be and he is hereby awarded a new trial.

This the 12th day of September, 1977.

James G. Exum, Jr.
Associate Justice
For the Court

STATE OF NORTH CAROLINA )
)   ORDER FOR NEW TRIAL UPON
v. )   REMAND FROM THE SUPREME
)   COURT OF THE UNITED STATES
ROGER LAWRENCE WETMORE )

No. 94

HAVING reconsidered this case on remand from the Supreme Court of the United States in the light of *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508 (1975), and *Hankerson v. North Carolina*, --- U.S. ---, 53 L.Ed. 2d 306 (1977), the defendant having properly raised on appeal to this Court the question of the constitutionality of the trial judge's instructions placing the burden on the defendant to show that the killing was done in the heat of a sudden passion, *see State v. Wetmore*, 287 N.C. 344 (1975), and being of the opinion that in light of *Mullaney* and *Hankerson*, these assignments of error