248 S.E.2d 338 (1976)
293 N.C. 262
STATE of North Carolina
v.
Roger Lawrence WETMORE.
No. 94.
Supreme Court of North Carolina.
Order on Remand December 7, 1976.
Order for New Trial September 12, 1977.

FURTHER ORDER ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
On August 10, 1976, the United States Supreme Court, having allowed defendant's petition for certiorari to us to review our decision reported at 287 N.C. 344, 215 S.E.2d 51 (1975), remanded the case to us for further proceedings as follows:
"ON CONSIDERATION WHEREOF, it was ordered and adjudged on July 6, 1976, by this Court that the imposition and carrying out of the death penalty in this case constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Woodson and Waxton v. North Carolina, 428 U.S. [280, 96 S.Ct. 2978, 49 L.Ed.2d 944] (1976). The judgment of the Supreme Court of North Carolina in this cause is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and that this cause be remanded to the Supreme Court of the State of North Carolina for further proceedings in light of Mullaney v. Wilbur, 421 U.S. 684 [95 S.Ct. 1881, 44 L.Ed.2d 508] (1975).
"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and the laws of the United States, the said writ notwithstanding."
We note that the foregoing order vacates our judgment only "insofar as it leaves undisturbed the death penalty imposed. . . ." yet the case is remanded also "for further proceedings in light of Mullaney v. Wilbur, 421 U.S. 684 [95 S.Ct. 1881, 44 L.Ed.2d 508] (1975)."
We have heretofore fully considered the effect of Mullaney on the jurisprudence of our state in our decision in State v. Hankerson, 288 N.C. 632, 220 S.E.2d 575 (1975). The United States Supreme Court on October 4, 1976, allowed Hankerson's petition for writ of certiorari to review further this decision, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306. Under our decision in Hankerson, Mullaney would have no effect whatever on the trial of the defendant Wetmore.
Being of the opinion that the United States Supreme Court, when it remanded this case to us, was inadvertent to our decision in Hankerson; that Hankerson fully expresses our view of the applicability of Mullaney; that under our decision in Hankerson, Mullaney has no application to this case; and that further consideration by us of Mullaney before the United States Supreme Court considers and acts upon our decision in Hankerson is not warranted and would be inappropriate, we now, therefore, defer further action in this case at this time.

ORDER FOR NEW TRIAL UPON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
Having reconsidered this case on remand from the Supreme Court of the United States in the light of Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and Hankerson v. North Carolina, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), the defendant having properly raised on appeal to this Court the question of the constitutionality of the trial judge's instructions placing the burden on the defendant to show that the killing was done in the heat of a sudden passion, and being of the opinion that in light of Mullaney and Hankerson, these assignments of error should have been sustained and defendant awarded a new trial, now, therefore, it is
ORDERED by the Court in Conference that defendant be and he is hereby awarded a new trial.