**Paul A. CORSA, Petitioner,**

v.

**Charles ANDERSON,\* Warden, State Prison of Southern Michigan at Jackson, Michigan, Respondent.**

**Civ. A. No. 6–72552.**

United States District Court,
E. D. Michigan, S. D.

Nov. 22, 1977.

Arthur J. Tarnow, Detroit, Mich., for petitioner.

Christine A. Derdarian, Asst. Atty. Gen., Lansing, Mich., for respondent.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Petitioner, Paul A. Corsa, is currently incarcerated at the State Prison for Southern Michigan, Jackson, Michigan. Following a trial by jury in April, 1972, he was found guilty of first degree murder and a mandatory sentence of life imprisonment was imposed. Corsa now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his present incarceration is illegal for the following reasons: (1) he was denied the effective assistance of counsel during the state proceedings; (2) the trial court charged the jury in an erroneous manner; and (3) the prosecutor made improper and prejudicial remarks to the jury.

The respondent Attorney General for the State of Michigan has moved to dismiss pursuant to F.R.C.P. 12(b)(6), and alternatively has moved for summary judgment pursuant to F.R.C.P. 56(b), (c). On August 12, 1977, a hearing and oral argument was held with respect to the issues raised by Corsa's petition. Specific findings made by the court as a result of that hearing are discussed *infra.* Based upon the hearing, briefs submitted by counsel and the state trial transcript, the court determines that respondent's motions must be denied and that Corsa's petition must be granted.

Petitioner raises three separate grounds of illegality in the state proceedings that led to his present incarceration: ineffective

---

\* The former Warden of the State Prison of Southern Michigan passed away on March 6, 1977. Pursuant to Rule 25(a) of the F.R.C.P., the court orders that Charles Anderson, the current Warden, be substituted as the proper party respondent in this petition.

assistance of counsel, erroneous jury instructions and prejudicial statements by the prosecution. With regard to the latter two issues, it is to be noted that Corsa's trial counsel did not object to the trial court's jury instructions when they were delivered, or to the remarks made by the prosecutor during closing arguments, to which Corsa now objects.

Corsa alleges that the trial court's instruction to the jury concerning the elements of the crime of murder in the first degree violated due process. In support of this contention, he cites *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), where a state statute was overturned because it shifted the burden of proof to a defendant to prove that he acted in the heat of passion in order to reduce a homicide charge from murder to manslaughter. This statute was held in violation of the rule in *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which held that the prosecution, as a matter of due process, is required to prove beyond a reasonable doubt each fact necessary to constitute the crime charged.

The U. S. Supreme Court has apparently retreated from the *Mullaney* standard somewhat in its recent opinion of *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), where it held that a statute that places the burden on a defendant to prove by a preponderance of the evidence the affirmative defense of extreme emotional distress, did not deny due process where the defense did not negative any of the facts of the crime which the state had to prove under the mandate of *Winship. Patterson,* at 206, 97 S.Ct. at 2325. Thus, although the law is in somewhat of a flux with regard to burden shifting devices as they apply to defenses, the rule of *Winship, supra,* is still on solid footing.

In the instant petition, the trial judge charged the jury as follows:

"When a man assaults another with or, uses upon another a deadly weapon in such a manner that the natural, ordinary, probable use of such deadly weapon in such manner would be to take life, *the law presumes that such person so assaulting intended to take life providing that there was no disability* such as I stated, insanity or intoxication by the use of alcohol or drugs."

(Tr. 738) (Emphasis added). Corsa was charged with murder in the first degree. The Michigan statute for that crime sets out the statutory elements as such.

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate and premeditated killing . . . shall be murder of the first degree . . . ."

M.C.L.A. § 750.316; M.S.A. § 28.548; Comp. L. 1948. A recent decision by the Michigan Supreme Court, *People v. Garcia,* 398 Mich. 250 (1976), 247 N.W.2d 547, held that Michigan's statute for murder in the first degree requires a showing of specific intent on the part of the defendant before guilt can be found. The question at this juncture is whether the charge delivered to the jury in Corsa's trial for first degree murder violated due process under the standards of *Winship, supra,* because the language "the law presumes that such person so assaulting intended" had the effect of proving one of the statutory elements of the crime.

Although the court agrees with the approach taken by the Second Circuit in *United States v. Robinson,* 545 F.2d 301 (2d Cir. 1976), where it was held that a "natural and probable consequences" charge similar to the one at bar was held to violate the standards of *Winship,* it is again to be noted that Corsa's counsel did not object to the instruction when it was delivered at trial. Although the court would normally use the "plain error" standard of F.R.Cr.P. 52(b) under such circumstances, see *United States v. Billingsley,* 474 F.2d 63 (6th Cir. 1973), the recent U. S. Supreme Court decision in *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), precludes the use of that standard of review. *Henderson's* much narrower standard is as follows:

"The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on

the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process' . . . not merely whether '. . . the instruction is undesirable, erroneous, or even universally condemned.'"
431 U.S. at 154, 97 S.Ct. at 1736–37 (citations and footnotes omitted).

It is noteworthy that the Chief Justice would have precluded review of the present issues entirely because of counsel's failure to object, because "By that failure he waived any claim of constitutional error." *Henderson,* at 157, 97 S.Ct. at 1738 (Burger, J., concurring).

The court determines that the issues must be reviewed, however, because of Corsa's allegations of ineffective assistance of counsel, due to counsel's failure to object to the charge when it was delivered. Because of that allegation, the standard of review pertaining to the effective assistance of counsel is whether Corsa was provided with counsel "reasonably likely to render and rendering reasonably effective assistance." *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974). See also 26 A.L.R.Fed. 204. The narrower query is whether the tactics and strategy used by counsel would be considered competent by lawyers of ordinary skill and training in the criminal law. *Beasley, supra.* Upon a review of a transcript of the state court proceedings, and in consequence of the respondent Attorney General's stipulation at the hearing of August 12, 1977, that Corsa's counsel did not fail to object for the reason of trial strategy or to gain tactical advantage, the court finds that counsel's failure to object to the instruction on presumed intent constituted ineffective assistance of counsel within the meaning of *Beasley, supra.* Not only did counsel fail to object to the charge when it was given, but Corsa's counsel actually aided the trial court in preparing the defective charge. The failure to object to a charge

not to achieve a tactical advantage involving, as does this charge, a shift in the burden of proof as to an element of the crime charged, amounts to a denial of effective assistance of counsel. Had the objection been made, the writ would have been granted for the reason the instruction shifted the burden contrary to *Mullaney v. Wilbur, supra,* and *In Re Winship.* Because of the failure to object, the same result is reached because such failure amounts to ineffective assistance of counsel.

The court concludes that Corsa was denied the effective assistance of counsel. The other issues raised by Corsa are not considered because this conclusion is dispositive of the petition. Accordingly, Corsa's petition for a writ of habeas corpus is granted. He shall be released from custody unless he is retried within a reasonable time. An order is entered herewith.

So ordered.