STATE OF NORTH CAROLINA v. DAVID EUGENE ABERNATHY

No. 7725SC1068

(Filed 6 June 1978)

**Homicide §§ 24.2, 24.3 — absence of malice — self-defense — burden of
proof — instructions — failure to perfect appeal — waiver of objection**

A defendant tried for murder waived objection to the trial court's instruc-
tions placing on defendant the burden to disprove malice and reduce the crime
to manslaughter and to prove self-defense when he failed to perfect his appeal
from his conviction and duly note his exceptions to the charge.

ON writ of certiorari to review order entered by *Ervin,*
*Judge.* Order entered 10 October 1977 in Superior Court,
CALDWELL County. Heard in the Court of Appeals 28 March 1978.

Defendant was charged under a proper bill of indictment
with the first-degree murder of Walter Ray Holsclaw on 19
January 1974, was tried before a jury, was found guilty of murder
in the second degree on 11 July 1974, and was sentenced to thirty
years imprisonment. In open court, he gave notice of appeal, but
the appeal was not perfected. Petitions for writs of certiorari
were denied by this court on 17 December 1974 and 6 January
1975.

On 27 May 1976, defendant filed an application for a post-
conviction hearing which was denied. Petition to this court for a
writ of certiorari to review the denial of the application was
denied on 30 December 1976. On 6 September 1977 defendant
filed another application for a post-conviction hearing which was
held before Judge Ervin on 27 September 1977.

On 10 October 1977 Judge Ervin entered an order finding and concluding: that at defendant's trial the presiding judge instructed the jury, *inter alia*, that the burden was on defendant to disprove malice and reduce the killing to voluntary manslaughter, and that the burden was on defendant to prove that he killed in self-defense; that the case was tried and said instructions were given before the U.S. Supreme Court rendered its decision in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508, on 9 June 1975 and its decision in *Hankerson v. North Carolina*, --- U.S. ---, 97 S.Ct. ---, 53 L.Ed. 2d 306 (1977), declaring the *Mullaney* rule to be retroactive; that the failure of defendant to except to said instructions or assign them as error does not deprive him of his right to a new trial under the circumstances of this case; and that because of said errors in the jury charge, defendant is entitled to a new trial.

On 22 November 1977 this court allowed the State's petition for a writ of certiorari to review Judge Ervin's order.

*Attorney General Edmisten, by Associate Attorney Nonnie F. Midgette, for the State.*

*Tuttle and Thomas, by Carroll D. Tuttle, for defendant appellee.*

BRITT, Judge.

The State contends first that the trial court erred in granting defendant a new trial for the reason that defendant failed to raise the question of erroneous jury instructions by perfecting the appeal from his trial. We find merit in this contention.

In not perfecting his appeal defendant failed to preserve his objection to the court's jury charge.

Formal objection to the charge is not required, an exception and assignment of error being sufficient. However, when no exception is taken to the charge and it is not contained in the record on appeal, it is presumed that the court correctly instructed the jury on every principle of law applicable to the facts.

\* \* \*

An assignment of error to the charge, like other assignments of error, must be based upon an exception duly noted in the record, but such exceptions can be taken within the time allowed for the preparation of the case on appeal. This means that while exceptions to the charge may be noted after trial, such exceptions should be included in the appellant's statement of the case on appeal as served on the appellee.

Where the charge is not incorporated in the appellant's statement of the case on appeal, but the charge is incorporated in the appellee's countercase, it would seem that an exception to the charge then entered by the appellant is not timely. 1 Strong's N.C. Index 3d, Appeal and Error, §§ 31 & 31.1, pp. 264-265. *See also* 1 Strong's N.C. Index 3d Appeal and Error, §§ 24, 24.1.

In footnote eight of the *Hankerson* case, the U.S. Supreme Court stated:

8. Moreover, we are not persuaded that the impact on the administration of justice in those States that utilize the sort of burden shifting presumption involved in this case will be as devastating as respondent asserts. If the validity of such burden shifting presumptions was as well settled in the States that have them as respondent asserts, then it is unlikely prior to Mullaney many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. . . . The North Carolina Supreme Court passed on the validity of the instructions anyway. The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, e.g. Fed Rule Crim Proc 30.

Although North Carolina does not require an objection to jury instructions to be made at the time of the trial as the federal courts do, proper exception must be taken and presented in the record on appeal or the claim of error is deemed waived. The North Carolina Supreme Court has recently upheld this principle. Several defendants petitioned for a rehearing on the grounds that the trial judge had failed in his jury instruction to place the burden of proving the absence of heat of passion or the absence

of self-defense on the State. In those cases in which the defendant had made such an assignment of error on appeal the Supreme Court allowed a new trial. *State v. Sparks*, 293 N.C. 262 (1977); *State v. Wetmore*, 293 N.C. 262 (1977). In those cases in which defendant did not make such an assignment of error, the court denied defendant's motion on the grounds that failure to bring the assignment forward on appeal was a waiver of any claim of error. *State v. Bower*, 293 N.C. 259 (1977); *State v. Crowder*, 293 N.C. 259 (1977); *State v. Jackson*, 293 N.C. 260 (1977); *State v. May*, 293 N.C. 261 (1977); *State v. Riddick*, 293 N.C. 261 (1977). Based on the recognized principle that failure to carry an assignment of error forward on appeal constitutes a waiver of that claim, we conclude that defendant in the present case waived any objection which he had to the trial court's charge when he failed to perfect his appeal and duly note his exceptions to the charge.

Defendant argues on this issue that Judge Ervin's finding that footnote eight in *Hankerson, supra,* is inapplicable because of N.C. appellate procedure and cites *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973), and Rule 10(b)(2) of the Rules of Appellate Procedure as authority for his contention. These two authorities actually provide support for our holding in the instant case rather than the defendant's position. Rule 10(b)(2) provides:

(b) Exceptions.

\*  \*  \*

(2) Jury Instructions; Findings and Conclusions of Judge. An exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference. An exception to the failure to give particular instructions to the jury or to make a particular finding of fact or conclusion of law which was not specifically requested of the trial judge shall identify the omitted instruction, finding, or conclusion by setting out its substance immediately following the instructions given, or findings or conclusions made. A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error.

In *State v. Hunt, supra,* defendant failed to request a charge concerning the legal principles of alibi evidence at trial, but on appeal excepted to the charge given and argued that the alibi instructions which were omitted due to his failure to request them should have been given automatically without the necessity of a request. Even though Rule 10(b)(2) and *State v. Hunt, supra,* do not require an objection to be made at the time of the trial in order to preserve the exception, they do require that an exception be duly noted in the record and argued on appeal in order to preserve the claim of error. Since the defendant in the present case failed to preserve his claim of error in the required manner, he is not entitled to raise the question for the first time on a motion for a new trial in a post conviction hearing.

The Post Conviction Hearing Act does not provide a substitute for appeal. *State v. White,* 274 N.C. 220, 162 S.E. 2d 473 (1968). *See* 4 Strong's N.C. Index 3d, Criminal Law § 181. "Since [relief under the Act] must be based on matters extraneous to the record, it may not be based upon asserted error in the trial court's instructions, which did not appear of record in the appeal, since in such instance the presumption is that the trial court charged the jury properly as to the law applicable to all phases of the evidence." 4 Strong's N.C. Index 3d, Criminal Law § 181, p. 911. *See State v. Cruse,* 238 N.C. 53, 76 S.E. 2d 320 (1953). "The Post Conviction Hearing Act provides every defendant adequate opportunity for the adjudication of claimed deprivations of constitutional rights which prevented him from obtaining a fair trial, provided factors beyond his control prevented him from claiming them earlier." 4 Strong's N.C. Index 3d, Criminal Law § 181, pp. 911-12. Since the defendant in the present case could have challenged the jury charge on direct appeal just as *Hankerson, Sparks* and *Wetmore* did, he is not entitled to make a collateral attack on his conviction in a post-conviction proceeding.

We have taken judicial notice of the various petitions relating to this case filed by defendant in this court. 1 Stansbury's N.C. Evidence, Brandis Revision § 13. While defendant did not perfect his appeal, his counsel, on 19 December 1974, filed in this court a petition for a writ of certiorari to perfect a late appeal. The petition is accompanied by a record on appeal duly agreed to by counsel for defendant and the district attorney and certified by the Clerk of the Superior Court of Caldwell County.

In the petition defendant's counsel stated that he had reviewed the transcript of the trial proceedings but was unable to find prejudicial error warranting a new trial. He asked that this court review the record and determine if defendant had received a fair trial. On 2 January 1975 a panel of this court denied the petition for certiorari. We have reviewed the record on appeal attached to the petition and find that no exception was made to any part of the trial judge's instructions to the jury. Thus, it is established that even if defendant's appeal had been perfected there would have been no challenge to the jury instructions.

We find it unnecesary to pass upon the State's contention that Judge Ervin erred in granting a new trial "when the homicide laws of the State of Maine and the State of North Carolina are so different that the *Mullaney* case is not authority for cases arising under North Carolina law".

For the reasons stated, the order appealed from is

Reversed.

Judges CLARK and ERWIN concur.