State v. Watson

---

STATE OF NORTH CAROLINA v. JAMES BRYAN WATSON

No. 7712SC948

(Filed 1 August 1978)

1. **Criminal Law § 181.3— post-conviction proceedings—petition for review by State**

   The State may petition for certiorari to review a final judgment in proceedings under the provisions of Art. 22 of G.S. Ch. 15 entitled "Review of Criminal Trials."

2. **Homicide §§ 24.2, 24.3— absence of malice — self-defense — burden of proof — instructions — failure to assign as error on appeal**

   A defendant tried for murder waived objection to the trial court's instructions placing on defendant the burden to disprove malice and reduce the crime to manslaughter and to prove self-defense when he failed to except to such instructions or assign them as error in his appeal from a conviction of second degree murder.

3. **Constitutional Law § 48— effective assistance of counsel — failure to assign erroneous instructions as error on appeal**

   A defendant convicted of second degree murder was not denied the effective assistance of counsel because of counsel's failure to assign as error on appeal from that conviction the trial court's instructions placing on defendant the burden of disproving malice and proving self-defense where the instructions were not improper at the time of the appeal under rules of law then in effect.

ON writ of certiorari to review order entered by *Smith (Donald L.), Judge*. Order entered 13 August 1977 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 28 March 1978.

Defendant was charged in a proper bill of indictment with the first degree murder of one Billy Gene Horner on or about 19 July 1969 in Cumberland County, was tried at the 19 April 1971 Criminal Session of Superior Court, was found guilty of murder in the second degree by a jury, and was sentenced to a term of not less than 25 years nor more than 30 years in the custody of the Commissioner of Correction.

No error was found in his trial by the Court of Appeals by opinion filed 15 December 1971. *State v. Watson*, 13 N.C. App. 54, 185 S.E. 2d 252 (1971). Our Supreme Court allowed certiorari and affirmed defendant's conviction by opinion filed 10 May 1972. *State v. Watson*, 281 N.C. 221, 188 S.E. 2d 289 (1972), *cert. denied*, 409 U.S. 1043, 34 L.Ed. 2d 493, 93 S.Ct. 537 (1972).

On 14 November 1975, defendant filed this application for Post Conviction Hearing which was answered by the State on 12 December 1975. Defendant escaped from the Department of Correction on or about 19 December 1975 and was returned to the Department in October 1976. The hearing on the application was held on 1 August 1977, and Judge Smith entered his order dated 13 August 1977 finding and concluding:

"(1) The trial judge's charge to the jury, when construed as a whole, the relevant portions of which are set forth in detail above in the findings of fact, denied to the petitioner Watson due process of law under the Fourteenth Amendment to the Constitution of the United States in that the language of this charge placed the burden of proof upon the petitioner Watson to rebut the presumption of malice by proving to the satisfaction of the jury that the killing was in the heat of a sudden passion in order to reduce the offense from second degree murder to voluntary manslaughter. *MULLANEY v. WILBUR*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975); *STATE v. HANKERSON*, 288 N.C. 632, 220 S.E. 2d 575 (1975).

(2) The trial judge's charge to the jury at petitioner's trial in 1971, when construed as a whole, also denied the petitioner Watson due process of law under the Fourteenth Amendment to the Constitution of the United States in that the charge required the petitioner Watson to bear the burden of proof in rebutting the presumption that the killing was unlawfully done by proving to the satisfaction of the jury that he had killed in self-defense. SEE *STATE v. HANKERSON*, supra.

(3) The rule stated in *MULLANEY v. WILBUR*, supra, to the effect that it is a denial of due process under the Fourteenth Amendment to the Constitution of the United States for the State to require a criminal defendant to bear the burden of proof to negate an essential element or fact necessary to constitute the crime was made fully retroactive in the Opinion of *HANKERSON v. NORTH CAROLINA*, --- U.S. ---, 45 USLW 4717 (decided June 17, 1977). That decision of the United States Supreme Court overruled *STATE v. HANKERSON*, supra, to the extent that *STATE v. HANKERSON* held that the MULLANEY decision was not retroactive."

Judge Smith's order vacated and set aside the defendant's conviction and sentence entered at his trial in April 1971. The State was allowed a reasonable time to conduct a new trial of the defendant.

The State petitioned this Court for writ of certiorari, which was allowed on 21 September 1977, for review of Judge Smith's order.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Loflin, Loflin, Galloway, Leary & Acker, by Thomas F. Loflin III and James R. Acker, for defendant appellee.*

ERWIN, Judge.

[1] The State may petition for certiorari to review a final judgment in proceedings under the provisions of Chapter 15, Article 22 of the General Statutes entitled "Review of Criminal Trials." *State v. White*, 274 N.C. 220, 162 S.E. 2d 473 (1968); *State v. Merritt*, 264 N.C. 716, 142 S.E. 2d 687 (1965).

[2] The first question presented by the State is whether the trial court erred in allowing the defendant Watson a new trial on the basis that the retroactivity of the *Mullaney* rule, *see Hankerson v. North Carolina*, 432 U.S. 233, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977), was applicable in this case in which the defendant appellant did not object or assign as error on appeal the instructions of the trial court to the jury requiring the defendant to prove the absence of malice or that he acted in self-defense in order to reduce the alleged crime of murder in the second degree to voluntary manslaughter. We answer the question yes in favor of the State.

The question here arose by reason of decisions of the United States Supreme Court since the defendant was tried and convicted in the Superior Court, Cumberland County, in April 1971. The first case, *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975), held that a Maine instruction to the jury requiring a defendant being tried for murder to prove by a preponderance of the evidence, in order to reduce the murder to manslaughter, that he acted in the heat of passion or sudden provocation, violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as that clause was interpreted in *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970), to require the prosecution to prove beyond a reasonable doubt every fact necessary to constitute a crime.

In the April 1971 trial of defendant, the court charged the jury as courts have done for many years in North Carolina, that the defendant must prove to the satisfaction of the jury the

absence of malice to reduce the crime of murder to voluntary manslaughter and that he (defendant) acted in self-defense in order to be excused of the offense totally.

Judge Smith's order concluded that the United States Supreme Court's decision in *Hankerson v. North Carolina, supra,* overruled our Supreme Court which held that the *Mullaney, supra,* decision was not retroactive, and further concluded that footnote eight in Hankerson, *supra,* did not apply to North Carolina cases, in that our rules do not require a defendant to object to a charge given by the trial court at the time of trial. The footnote in question reads as follows:

> "8. Moreover, we are not persuaded that the impact on the administration of justice in those States that utilize the sort of burden-shifting presumptions involved in this case will be as devastating as respondent asserts. If the validity of such burden-shifting presumptions was as well settled in the States that have them as respondent asserts, then it is unlikely that prior to Mullaney many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. Petitioner made none here. The North Carolina Supreme Court passed on the validity of the instructions anyway. The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, e.g., Fed Rule Crim Proc 30." 432 U.S. at 244, 53 L.Ed. 2d at 316, 97 S.Ct. at 2345-6.

This Court held as follows in *State v. Abernathy*, 36 N.C. App. 527, 530-31, 244 S.E. 2d 696, 698 (1978):

> "Defendant argues on this issue that Judge Ervin's finding that footnote eight in *Hankerson, supra,* is inapplicable because of N.C. appellate procedure and cites *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973), and Rule 10(b)(2) of the Rules of Appellate Procedure as authority for his contention. These two authorities actually provide support for our holding in the instant case rather than the defendant's position. Rule 10(b)(2) provides:
>
> (b) Exceptions.

\* \* \*

(2) Jury Instructions; Findings and Conclusions of Judge. An exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference. An exception to the failure to give particular instructions to the jury or to make a particular finding of fact or conclusion of law which was not specifically requested of the trial judge shall identify the omitted instruction, finding, or conclusion by setting out its substance immediately following the instructions given, or findings or conclusions made. A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error.

In *State v. Hunt, supra*, defendant failed to request a charge concerning the legal principles of alibi evidence at trial, but on appeal excepted to the charge given and argued that the alibi instructions which were omitted due to his failure to request them should have been given automatically without the necessity of a request. Even though Rule 10(b)(2) and *State v. Hunt, supra*, do not require an objection to be made at the time of the trial in order to preserve the exception, they do require that an exception be duly noted in the record and argued on appeal in order to preserve the claim of error. Since the defendant in the present case failed to preserve his claim of error in the required manner, he is not entitled to raise the question for the first time on a motion for a new trial in a post conviction hearing."

Our Supreme Court has held in *State v. Brower and Johnson*, 293 N.C. 259 (1977); *State v. Crowder*, 293 N.C. 259 (1977); *State v. Jackson*, 293 N.C. 260 (1977); *State v. May*, 293 N.C. 261 (1977); and *State v. Riddick*, 293 N.C. 261 (1977), in which motions for reconsideration were denied, that:

"INASMUCH as defendant did not assign as error on appeal the failure of the trial judge to place the burden of proving the absence of heat of passion or the absence of self-defense on the state . . . he has waived his right now to complain about such errors. . . ."

State v. Watson

In each of the above cases, our Supreme Court cited footnote eight in *Hankerson, supra*. While this State does not adhere to the precise rule referenced in footnote eight, *i.e.*, that failure to object to a jury instruction results in waiver of any claim of error based thereon, the analogous North Carolina rule recognizes the same principle — a defendant must still take some affirmative step to preserve a claim of error in the instructions in order to avoid waiver thereof. In other words, there is a difference, but it does not rise to the level of a distinction that would render footnote eight's underlying principle inapplicable in North Carolina. However, in two instances in which a defendant had properly raised on appeal the question of the constitutionality of the trial court's instructions, new trials were granted. *State v. Sparks*, 293 N.C. 262 (1977); *State v. Wetmore*, 293 N.C. 262 (1977).

The principles stated in *State v. Abernathy, supra*, are fully applicable here, and in view thereof, we do not deem it necessary to review them at greater length. Suffice it to say that since defendant could have challenged the jury instructions on direct appeal, but failed to do so, he may not do so now. *See State v. Abernathy, supra*, and cases cited therein.

[3] By cross-assignment of error, defendant urges that, assuming that defendant cannot now attack his conviction based on the *Mullaney* rule and the retroactivity thereof, we are compelled to conclude that he was denied his constitutional right to the effective assistance of counsel at his 1971 trial or on his direct appeal therefrom. Defendant's argument would place upon counsel the difficult task of foreseeing change in long-established rules of law. What defendant is guaranteed is the effective assistance of counsel, not ultimately satisfactory results from defendant's point of view.

The order appealed from is

Reversed.

Judges BRITT and CLARK concur.