STATE OF NORTH CAROLINA v. MARVIN JUNIOR LOCKLEAR

No. 7816SC852

(Filed 6 February 1979)

**Criminal Law § 163; Homicide §§ 24.2, 24.3— alleged errors in instructions— failure to object at trial or on appeal**

In a prosecution for second degree murder where the judge instructed the jury that the burden was on defendant to disprove malice to reduce the killing to voluntary manslaughter and that the burden was on defendant to prove that he killed in self-defense, defendant could not, for the first time, seek collateral review of these alleged errors in the judge's charge that took place during his trial in August 1974 when he failed to raise the question at trial, on direct appeal or in a subsequent petition for post-conviction relief.

ON *certiorari* to review order entered by *Hobgood, Judge.* Order entered 16 January 1978 in Superior Court, ROBESON County. Heard in the Court of Appeals 11 January 1979.

Defendant was convicted of second degree murder during the 8 August 1974 Session of the Superior Court of Robeson County. At that trial, the judge, among other things, instructed the jury that the burden was on defendant to disprove malice to reduce the killing to voluntary manslaughter and that the burden was on defendant to prove that he killed in self-defense. Defendant, in the preparation of the record on appeal, set out exceptions and

assignments of error to those portions of the charge. On appeal, however, defendant failed to bring forward or argue any assignments of error. He was represented by privately retained counsel. In his brief, the appellant stated to this Court that he could make no legitimate assignments of error or advance any contentions that would entitle defendant to a new trial. This Court affirmed his conviction on 5 March 1975 in the following language.

> "An exception to the judgment presents the face of the record for review. Neither defense counsel nor the Attorney General has been able to find any prejudicial error in the trial. Evidence for the State included several witnesses who saw defendant shoot James Bartley. We have carefully examined the record and find no error." *State v. Locklear*, 25 N.C. App. 116, 212 S.E. 2d 406 (1975).

On 16 June 1975, defendant petitioned for post-conviction relief which was denied on 19 June 1975. Defendant did not suggest that there were errors in the charge to the jury. This Court denied certiorari on 21 July 1975.

Defendant filed a petition for a writ of habeas corpus on 11 October 1977 alleging that the trial court improperly placed the burden of disproving malice and proving self-defense on the defendant. Judge Hobgood found that the charge violated the concept of due process as established in *Mullaney v. Wilbur*, 421 U.S. 684 (1975), and applied in North Carolina in *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975). Since *Hankerson v. North Carolina*, 432 U.S. 233 (1977) gave *Mullaney* retroactive effect, Judge Hobgood ordered a new trial on 16 January 1978. From this order, we have allowed the State's petition for certiorari.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Britt and Britt, by Evander M. Britt, for defendant appellee.*

VAUGHN, Judge.

The question is whether defendant may now, for the first time, seek collateral review of an alleged error in the judge's charge that took place during his trial in August, 1974, when he failed to raise the question at trial, on direct appeal or in a subse-

quent petition for post-conviction relief. Defendant, of course, relies on *Mullaney v. Wilbur*, 421 U.S. 684 (1975) and *Hankerson v. North Carolina*, 432 U.S. 233 (1977). In *Hankerson*, however, the Supreme Court of the United States noted:

> "[I]t is unlikely that prior to Mullaney many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. . . . The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error." 432 U.S. at 244 n. 8.

At the time defendant was tried (as well as under our current Rules of Appellate Procedure) a defendant waived the right to claim error in the charge unless he presented the questions for review in an appeal where the exceptions were noted, included in an assignment of error, and brought forward and argued in his brief. Following the decision in *Hankerson*, our courts have consistently held that a defendant who failed to raise the alleged error on direct appeal will be held to have waived his right to complain about the error. *State v. Riddick*, 293 N.C. 261, 247 S.E. 2d 234 (1977); *State v. Jackson*, 293 N.C. 260, 247 S.E. 2d 234 (1977); *State v. Brower and Johnson*, 293 N.C. 259, 243 S.E. 2d 143 (1977); *State v. Watson*, 37 N.C. App. 399, 246 S.E. 2d 25 (1978); *State v. Abernathy*, 36 N.C. App. 527, 244 S.E. 2d 696 (1978).

It is of no consequence that defendant's counsel, in the preparation of the record on appeal, set out assignments of error to the judge's charge. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Rule 28, Rules of Practice in the Court of Appeals of North Carolina. (Superseded as of 1 July 1975.) Substantially the same provision may be found in the current rules. Rule 28, North Carolina Rules of Appellate Procedure. Under the former practice, however, the appeal itself was considered an exception to the judgment and presented the "face of the record proper" for review. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970). That review considered such matters as "the sufficiency of the indictment, subject matter jurisdiction, and regularity of the judgment." *State v. McMorris*, 290 N.C. 286, 292, 225 S.E. 2d 553, 557 (1976). Defendant's appeal was taken prior to the adoption of

the new Rules of Appellate Procedure. This Court, consequently, reviewed the "face of the record" even though defendant and his privately retained counsel had abandoned all assignments of error. *State v. Locklear, supra.* The judge's charge, however, has never been considered as appearing on the face of the record proper. It was no more presented for review than, for example, the judge's rulings on evidentiary matters. Defendant's failure to "make appropriate objections to jury instructions" on his appeal is a waiver of any subsequent "claim of error." *Hankerson v. North Carolina, supra; State v. Riddick, supra.*

The order under review is in error. It is reversed and vacated. The case is remanded to the Superior Court of Robeson County.

Reversed and remanded.

Judges HEDRICK and ERWIN concur.