**UNITED STATES of America, Appellee,**

v.

**Keith Lamont HART, Appellant.**

**No. 79–5126.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1980.

Decided April 14, 1980.

Thomas J. Foltz, Alexandria, Va., for appellant.

Karen P. Tandy, Asst. U. S. Atty., Alexandria, Va. (Justin W. Williams, U. S. Atty., Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va., Carrie L. Schnelker, Third Year Law Student on brief), for appellee.

Before BUTZNER and HALL, Circuit Judges, and SHIRLEY B. JONES, United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM.

Keith Lamont Hart was tried before a jury and convicted of the armed robbery of the United Virginia Bank in Arlington, Virginia. He appeals on the ground that his confession should have been suppressed because it was involuntary and because he

had not waived his right to counsel. We affirm.

Hart was arrested at his home on February 6, 1979 at 6:00 a. m. He was given his *Miranda* rights and then taken to the Washington, D. C. Field Office of the F.B.I. After being informed of his rights, he declined to make a statement, asserting that he wished to see his family attorney. Hart was then taken to the Alexandria Field Office for questioning by the agent who had been the principal case investigator. Hart declined to make a statement, again stating he wished to see his family attorney. Hart was taken to the Fairfax Detention Center where he was permitted to see his parents. That afternoon he telephoned the Washington Field Office stating that he wished to speak with the arresting agent. Hart was subsequently visited by two agents from the Alexandria Field Office. He was again advised of his rights and signed a waiver form after which he gave an inculpatory statement.

■ Hart bases his claim of involuntariness on representations made to him by the agents that if he cooperated, his cooperation would be reported to the authorities. After his arrest, Hart's bond was set at $25,000. He expressed concern on a number of occasions about the amount of the bond because he was to start a new job on Monday and wanted to be released before then. During his interrogation at the Alexandria Field Office, Hart was told by one of the agents that if he cooperated this information would be passed on to the U. S. Attorney, but that the judge was the only one who could reduce the bond. At the time Hart gave his confession, he again expressed concern about the amount of the bond. He was told by one of the agents that no promises could be made concerning reduction of the bond; that if he cooperated the U. S. Attorney would be informed; that the U. S. Attorney would bring this fact to the attention of the judge; and that this "could have a bearing on the bond reduction. . . ." App. at F 52. Although this last representation was erroneous, 18 U.S.C. § 3146(b), we do not find that it

rendered his statement involuntary. Hart was never promised that his bond would be reduced in exchange for his cooperation. This Court has previously held a confession to be voluntary where the interrogating officer promised the confessor that his cooperation would be reported to the U. S. Attorney in regard to possible prosecution of the confessor's wife. *United States v. Johnson*, 495 F.2d 378, 382 (4th Cir.), *cert. denied*, 419 U.S. 860, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974). *See United States v. Curtis*, 562 F.2d 1153 (9th Cir. 1977), *cert. denied*, 439 U.S. 910, 99 S.Ct. 279, 58 L.Ed.2d 256 (1978); *United States v. Frazier*, 434 F.2d 994 (5th Cir. 1970). Our examination of the circumstances surrounding Hart's confession clearly establishes that it was voluntary.

■ Hart also argues that his confession was inadmissible because he had not waived his right to counsel. The record shows that Hart expressed his desire for an attorney on two occasions; once at the Washington Field Office and again at the Alexandria Field Office. Each time he stated he wished to see an attorney, the agent ceased interrogation. Hart, on his own, requested to see an agent in order to make a statement. The thrust of Hart's argument is that because he twice asserted his right to speak to an attorney, he could not subsequently waive that right. We reject this contention. In *United States v. Grant*, 549 F.2d 942 (4th Cir. 1977), *vacated on other grounds sub nom. Whitehead v. United States*, 435 U.S. 912, 98 S.Ct. 1463, 55 L.Ed.2d 502 (1978), this Court held that the right to counsel once asserted may be subsequently waived. In that case, the defendant asserted his right to an attorney and interrogation concerning the alleged crime ceased. The agents, however, continued to take routine identification information unconnected with the crime, during which the defendant blurted out a confession. We held the requirements imposed by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), do not "protect an accused, even though he has requested counsel, from a spontaneous admission

made under circumstances not induced by the investigating officers or during a conversation not initiated by the officers." 549 F.2d at 946. *See United States v. Rodriguez-Gastelum*, 569 F.2d 482 (9th Cir.), *cert. denied*, 436 U.S. 919, 98 S.Ct. 2266, 56 L.Ed.2d 760 (1978); *White v. Finkbeiner*, 570 F.2d 194 (7th Cir. 1978); *United States v. Cavallino*, 498 F.2d 1200 (5th Cir. 1974); *United States v. Tafoya*, 459 F.2d 424 (10th Cir. 1972). In the instant case, the conversation resulting in the confession was initiated by Hart. There is no evidence of any coercion on the part of the agents, nor any evidence that Hart intended to continue to assert his right to an attorney. Therefore, we find that the district court was correct in finding that Hart was not denied his right to counsel.

We have considered Hart's remaining contentions and find them to be without merit.

*AFFIRMED.*